Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **James Phelps**, an Arizona resident; and **Dejan Lent**, an Arizona resident<br><br>Plaintiffs,<br><br>v.<br><br>**Roadrunner Drywall Corp.**, an Arizona company;<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ*.** |

Plaintiffs James Phelps and Dejan Lent ("**Plaintiffs**"), individually, and on behalf of all other persons similarly situated for their Collective Action Complaint against Defendant Roadrunner Drywall Corp. ("**Roadrunner**"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs and the Collective Members[1] are current and/or former manual laborers (or similar titled and/or job duties and responsibilities) employed by Defendant.

2. Plaintiffs bring this action on behalf of themselves and all other similarly

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

situated Collective Members, who were not fully compensated for their overtime wages.

3. Plaintiffs and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

4. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

5. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendant regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff James Phelps resided in the District of Arizona.

9. At all relevant times to the matters alleged herein, Plaintiff Dejan Lent resided in the District of Arizona.

10. At all relevant times to the matters alleged herein, Plaintiff James Phelps was a full-time employee of Defendant from in or around January 2023 until present.

11. At all relevant times to the matters alleged herein, Plaintiff Dejan Lent was a full-time employee of Defendant from in or around November 2024 until present.

12. At all relevant times to the matters alleged herein, Plaintiff James Phelps was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

13. At all relevant times to the matters alleged herein, Plaintiff Dejan Lent was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

14. At all relevant times to the matters alleged herein, Plaintiff James Phelps was a non-exempt employee of Defendant.

15. At all relevant times to the matters alleged herein, Plaintiff Dejan Lent was a non-exempt employee of Defendant.

16. Defendant Roadrunner is a company authorized to do business in Arizona.

17. Defendant Roadrunner was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Upon reasonable belief, Plaintiffs and/or Opt-in Plaintiffs, in their work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

19. Upon reasonable belief, Plaintiffs and/or Opt-in Plaintiffs, in their work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

20. Upon reasonable belief, Plaintiffs and/or Opt-in Plaintiffs, in their work for Defendant, was employed by an enterprise engaged in commerce that had annual gross

sales of at least $500,000 in 2024.

21. Upon reasonable belief, Plaintiffs and/or Opt-in Plaintiffs, in their work for Defendant, was employed by an enterprise engaged in commerce that have or will have annual gross sales of at least $500,000 in 2025.

22. Plaintiffs are covered employees under individual coverage.

23. Plaintiffs are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF PHELPS AND LENT**

24. The entity Defendant is a construction company.

25. In or around January 2023, Plaintiff James Phelps commenced employment with Defendant as a painter.

26. In or around November 2024, Plaintiff Dejan Lent commenced employment with Defendant as a painter.

27. Plaintiffs' primary job duties included painting and cleaning.

28. Plaintiff James Phelps was paid a piece rate of $0.17 or $0.18 per square foot depending on the project location.

29. Plaintiff Dejan Lent was paid a piece rate of $0.17 or $0.18 per square foot depending on the project location.

30. Plaintiffs routinely worked in excess of 40 hours per week.

31. Plaintiffs estimate that they would work approximately 10-12 hours per day.

32. Defendant did not make Plaintiffs clock in or out.

33. Plaintiffs' timecards are set to 8 hours per day, no matter how many hours they work.

34. Plaintiffs were not provided with the required one and one-half times pay

premium as required by the FLSA for all his worked overtime hours off-the-clock.

35. For example, during the work week of December 1, 2025, Plaintiff James Phelps estimates that he worked around 60 hours and did not receive the correct overtime pay.

36. For example, during the work week of December 1, 2025, Plaintiff Dejan Lent estimates that he worked around 60 hours and did not receive the correct overtime pay.

37. Defendant was aware that Plaintiffs' working hours routinely exceeded 40 hours.

38. Defendant required Plaintiffs to work overtime as a condition of their employment.

39. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

40. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

41. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

42. Defendant's failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiffs bring this action on behalf of themselves and all other similarly

situated individuals pursuant to 29 U.S.C. § 216(b).

45. The proposed collective class for the FLSA claim is defined as follows:

**All employees including but not limited to manual laborers (or similar job titled and/or similar job duties and responsibilities); who work[ed] for Defendant Roadrunner within the past three years; who work[ed] over 40 hours in any given workweek; as a past or present employee are known as (the "Collective Members").**

**These Collective Members did not receive time-and-a-half overtime compensation for all hours worked off-the-clock.**

46. Plaintiffs have given their written consent to be Named Party Plaintiffs in this action pursuant to U.S.C. § 216(b).

47. Plaintiffs' signed consent forms are attached as **"Exhibit 1, 2".**

48. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

49. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

50. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs' are identical or substantially similar.

51. Plaintiffs and the Collective Members routinely worked over forty (40) hours

in a given workweek and were not compensated by Defendant with overtime pay for all hours they worked over forty in a given workweek.

52. As such, the Collective Members are similar, if not identical, to Plaintiffs in the denial of all overtime pay which included off-the-clock work.

53. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

54. The experiences of Plaintiffs, with respect to theirs pay, are typical of the experiences of the Collective Members.

55. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

56. Notice of this action should be sent to all similarly situated employees.

57. There are numerous similarly situated employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

58. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

59. Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiffs and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

61. While employed by Defendant, Plaintiffs and the Collective Members worked numerous hours of overtime that Defendant did not pay.

62. As a result, Defendant has intentionally failed and/or refused to pay Plaintiffs and the Collective Members all owed overtime according to the provisions of the FLSA.

63. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

64. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

65. As a result of Defendant's failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

66. Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that Defendant committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G. Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED December 9, 2025.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs